## McCLUNG *v.* AMOS *et al.*

*Simmons, C. J.*—It appearing from the allegations of the plaintiff's petition that it set forth no cause of action, equitable or otherwise, there was no error in dismissing the same on demurrer.                         *Judgment affirmed.*
August 5, 1895.

Equitable petition. Before Judge Butt. Talbot superior court. September term, 1894.

The case of Mrs. S. J. McClung against George W. Amos *et al.*, was dismissed for want of equity. The petition alleged: On December 23, 1888, petitioner's father Samuel Amos died intestate, leaving a considerable estate of realty and personalty, worth $4,000. He left as his only heirs at law his widow Elizabeth, his children George W., Thomas, Jennie McDaniel, and petitioner, all over twenty-one years old except Thomas, who was about twenty. At the time of her father's death she lived some distance from him but went to his house. She had been about home for a considerable time, but little, had a very imperfect knowledge of his effects, and was wholly dependent on her mother, her brothers and sister and her sister's husband, George McDaniel, for any information as to his effects.

Soon after his death they all assembled and determined then and there to divide his estate without any administration, and within less than a week after her father's death, entered into an agreement to so divide, and called to their assistance S. M. Brannon to draft a written agreement therefor, who drew up the paper a copy of which is attached. Petitioner, relying on the heirs above named and expecting them not to seek any advantage of her alone, acted in the matter as they said, being totally unaccustomed to business. She, together with them, signed the paper, believing and being informed at the time that the property set apart as the share of her mother was for her use during her life. She avers that was the agreement, and that she was to have the use of the property so set apart as her share in the agreement for life, and that at her death the same was to be divided between the children of Samuel Amos; and petitioner signed the agreement believing it was so expressed therein, and never would have signed it if she had known it was as it appears. In pursuance of said agreement, Bird, McCullough and Brannon, on December 29, 1888, proceeded to make said division as will appear by exhibit attached. Immediately afterwards all the heirs went into possession of the property set off to them respectively, the several children having bid off what they received, and said Elizabeth taking the portion set off to her as her share, without sale. Bird, McCullough and Brannon in said division decided that petitioner had received more than an equal share, and was due to George W. Amos $74.25, for which she gave him her note. She bought and received in the division the west half of lot 212 in Harris county. Soon after she went into possession of said land, a *fi. fa.* against George W. was levied on his interest in said west half, and the same was under the levy sold by the sheriff and bid off by ———. She is informed and believes that Jennie McDaniel was the bidder; at any rate, that she holds a deed either from the sheriff or from

the purchaser at said sale, and now claims at least a one fifth of the land so received in said division by petitioner. Two or more months after said division, said heirs at law concluded it was best to have the estate administered, that they would do away with the agreement and division made thereunder, and that Brannon should be the administrator. Brannon applied for letters and citation was duly published, but for some reason Brannon failed to get letters. Under said last agreement petitioner called on George W. to deliver up the note she gave him, and he did so. Since then he has sued her for the $74.25, obtained a judgment, and levied the *fi. fa.* on said west half of lot number 212. Brannon, in drawing up the first agreement in and by which said Elizabeth received the home place in Talbot county, consisting of land, furniture, two mules, a horse, wagon, buggy, live stock, etc., also lot of land 206 in Harris county and five bales of cotton, knew it was the intention of the several heirs to give her all of said property for life, and that at her death so much of it as was not consumed by her in her support should be divided share and share alike between the other heirs. By mistake or fraudulent design on the part of Brannon, the same was given her in said written agreement as hers absolutely. The second agreement, cancelling said first agreement, and by which the estate was to be administered, completely cancelled the first and put the property the several heirs had received back in the estate to be administered, and also cancelled all notes given to equalize said division, and especially the note given by petitioner to George W., and in compliance with which he surrendered the note. Notwithstanding said facts, Elizabeth, George W. and Thomas refused to stand up to the last agreement, and each claimed all they had received from the estate, and George W. is trying to force a sale under his judgment, notwithstanding his interest in the west half of lot 212 received by petitioner has been sold to pay off an old execution against it. Peti-

tioner prays for injunction against said other heirs, restraining them from further using and holding any of the estate of Samuel Amos, and restraining George W. from further proceeding with his said judgment and *fi. fa.*; for decree that the estate of Samuel Amos be taken charge of by some proper administrator to be appointed, and duly administered and divided under the law; for decree that Jennie McDaniel surrender up all claims she may have to the interest bought by her or those from whom she claims title to lot 212; for general relief, and for *subpoena* against said other heirs, Thomas being now twenty-one years old.

*James H. Worrill*, by brief, for plaintiff.